CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 28 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEPHEN THOMAS WEEKS,<br>  Plaintiff, | Civil Action No. 7:06cv00665 |
| v. | **MEMORANDUM OPINION** |
| BLUE RIDGE REGIONAL JAIL<br>AUTHORITY, et al.,<br>  Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Stephen Thomas Weeks, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants were negligent, subjected him to cruel and unusual punishment, and committed medical malpractice in violation of the Eighth Amendment. Smith seeks $30,000 in damages and payment of all his hospital and other medical bills. The court finds that Weeks has failed to state a claim upon which the court may grant relief and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

Weeks alleges that on July 27, 2006, he was "shocked by a raw (stripped) wire" from a TV that was in a box containing books, a chess board, and a TV. The box was above a table and Weeks had to stand on a bench in order to reach the box. Weeks contends that another inmate asked him to get a book out of the box, and when Weeks reached into the box, he was shocked by the exposed wire which threw him off balance and off the bench, resulting in a back injury that is "really bothering [him]." Weeks states that he was taken to the hospital after his fall.

Weeks argues that the defendants were negligent in leaving the TV, with the exposed wire, in the

---

[1] Furthermore, the court notes that the Blue Ridge Regional Jail Authority and the Bedford Facility Adult Detention Center are not proper defendants in a 42 U.S.C. § 1983; however, the court will not ask Weeks to amend his complaint because his allegations fail to state a cognizable constitutional claim.

box where inmates could potentially come into contact with it. He claims that as a result of this incident he now "fear[s] electricity" and has nightmares. He also states that it is going to interfere with his employment and personal life.

Weeks further claims that since returning from the hospital "[t]here was alot [sic] of cruel and unusual punishment and medical malpractice." Weeks says that the hospital put him on bed rest but that, when he returned to the jail, jail staff "took [him] out of [his] bed and put [him] on [the] floor in the small day room where rest was impossible." Weeks concedes that the jail staff needed his cell for disciplinary purposes but argues that his medical situation was "more important." Further, the grievances Weeks submitted with his complaint show, and Weeks does not contest, that he was offered a cell in another block which he refused and then he was given two mattresses to rest on while in the day room on the floor.

## II.

An allegation of mere negligence as to an inmate's health and safety is not actionable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986); see also Davidson v. Cannon, 474 U.S. 344 (1986). In this case, Weeks simply alleges that the defendants were negligent. He does not allege that they knew about the exposed wire or even that they had reason to know of the exposed wire. He specifically states that: "My complaint is negligence." Accordingly, in this case, no defendant can be held liable for negligence alone.

## III.

While the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 227, 347 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result
2

of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). In this case, Weeks simply alleges that he was taken out of his bed and put on the floor in a small day room where "rest was impossible." He does not allege that laying on the floor caused him further injury or even that it creates an unreasonable risk of injury. Furthermore, he did not lay directly on the floor, rather he laid on two mattresses. While being unable to rest may be uncomfortable or inconvenient, it does not rise to the level of a constitutional claim.

## IV.

In order to state a cognizable claim of inadequate medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. In Weeks' complaint, he does not make any allegation of deliberate indifference. Rather, he simply states that there was medical malpractice. Even if what Weeks claims is true, it is not sufficient to establish a claim under the Eighth Amendment.

## V.

For the reasons stated herein, the court dismisses Weeks' suit pursuant to § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff.

ENTER: This 28th day of November, 2006.

United States District Judge

3